UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIRKA LEWIS,<br><br>     Plaintiff,<br><br>  v.<br><br>VAIL RESORTS, INC., and JOHN DOES 1-3,<br><br>     Defendants. | CASE NO. 2:23-cv-00812-RSL<br><br>ORDER COMPELLING RESPONSE TO INTERROGATORY NO. 8 |

  This matter comes before the Court on "Plaintiff's Motion to Compel Discovery." Dkt. # 19. Plaintiff alleges that she was working as a ski lift operator at Stevens Pass Ski Resort in January 2022 when she fell from a chair lift platform and was seriously injured. Her employer, VR NW Holdings, Inc., paid her worker's compensation claim. Under the Washington Industrial Insurance Act ("IIA") workers injured in the course of employment are entitled to compensation "in lieu of any and all rights of action whatsoever against any person whomsoever." RCW 51.32.010. Thus, plaintiff's recovery against VR NW Holdings, Inc., is limited to what the worker's compensation program provides. If, however, a third person not in the same employ as the injured worker is also responsible for the accident, the IIA allows the worker to recover damages from that third person. RCW 51.24.030(1). One of the first questions that must be resolved when determining whether a person is immune from liability under the IAA is whether the alleged tortfeasor

has the same employer as the injured worker. *See Entila v. Cook*, 190 Wn. App. 477, 481 (2015) (citing *Evans v. Thompson*, 124 Wn.2d 435, 444 (1994)).

Plaintiff alleges that defendant Vail Resorts, Inc., is a holding company that manages and oversees all skiing operations at Vail Resorts properties throughout the United States, including the Stevens Pass Resort. Vail Resorts, Inc., operates through various subsidiaries and employees including, but not limited to, VR NW Holdings, Inc. Plaintiff alleges that one or more of these subsidiaries/employees was responsible for designing, producing, and providing safety training to the workers at Stevens Pass Resort and/or for inspecting, maintaining, or repairing the ski lift on which plaintiff was injured. Plaintiff has identified three individuals whom she believes either exert supervisory control over the operations at Stevens Pass Resort (David Shapiro and Bill Rock) or lead ski lift safety efforts at Vail Resorts in the western United States, including Stevens Pass Resort (Kip McCarthy). As the first step in determining whether these individuals are third parties subject to suit or co-employees who enjoy immunity under the IIA, plaintiff served Interrogatory No. 8 requesting the identity of the "W-2 employers" of those three individuals. Vail Resorts, Inc., objected, asserting that the information is irrelevant, harassing, and vexatious. Plaintiff seeks to compel responses to Interrogatory No. 8 and requests an extension of the deadline for joining additional parties until 30 days after the information is provided.

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirement that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case...." Relevance under Rule 26(b)(1) is defined broadly and remains so even after the 2015 amendments of the Federal Rules of Civil Procedure. *See Garner v. Amazon.com, Inc.*, No. 2:21-cv-0750-RSL, 2023 WL 6038011, at *1 (W.D. Wash. Sept. 15, 2023); *Insight Psychology & Addiction, Inc. v. City of Costa*

*Mesa*, No. 8:20-cv-00504JVS-JDEX, 2021 WL 6102425, at *1 (C.D. Cal. Oct. 29, 2021); *Snipes v. U.S.*, 334 F.R.D. 548, 550 (N.D. Cal. 2020); *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). In determining proportionality, courts consider factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The question of whether the information sought is discoverable depends on a balancing of the requesting party's need to obtain all relevant evidence with the responding party's need for protection from far-reaching, burdensome, and invasive discovery. The Court will not condone fishing expeditions, but neither will it adopt a narrow view of relevance. *See Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir. 2004); *Delgado v. Tarabochia*, No. 2:17-cv-01822-RSL, 2018 WL 2088207, at *2 (W.D. Wash. May 4, 2018).

Having reviewed the submissions of the parties and considered the importance of the information sought and defendant's claims of harassment and improper motive, the Court finds that production of the information is warranted. Plaintiff's motion to compel is therefore GRANTED. Defendant shall respond to Interrogatory No. 8 within fourteen days of the date of this Order. The deadline for filing a motion to join additional parties is extended to January 4, 2024.

Dated this 21st day of November, 2023.

Robert S. Lasnik
United States District Judge