UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIROSLAVA LEWIS,

        Plaintiff,

   v.

VAIL RESORTS, INC.,

        Defendant.

CASE NO. 2:23-cv-00812-RSL

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING LEAVE TO AMEND

    This matter comes before the Court on "Defendant's Motion for Summary Judgment," Dkt. # 22, and "Plaintiff's Motion to Amend Her Complaint to Add Additional Defendants," Dkt. # 40. Plaintiff alleges that she was injured in January 2022 while working as a ski lift operator at Stevens Pass Ski Area. At the time of the injury, plaintiff was employed by VR NW Holdings, Inc., an indirect subsidiary of defendant Vail Resorts, Inc. Since the accident, she has collected over $145,000 in workers' compensation payments from the Washington State Industrial Insurance fund. Vail Resorts seeks a summary determination that plaintiff's claims against it are barred because the remedy provided by the Industrial Insurance Act is exclusive and applies to all entities in an employer's corporate structure. Plaintiff opposes the motion for summary judgment and seeks leave to add two additional defendants, both of which are subsidiaries of defendant Vail Resorts.

ORDER DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND GRANTING LEAVE TO
AMEND - 1

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) The legal issue raised by defendant's motion for summary judgment can be decided without the need for discovery. Plaintiff's request for a Rule 56(f) continuance is DENIED.

(2) Under Washington's industrial insurance scheme, an employer is immune from civil lawsuits by its employees for non-intentional workplace injuries. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 17–18 (2005); RCW 51.04.010; RCW 51.24.20. The Act provides, however, that "[i]f a third person, not in a worker's same employ, is or may become liable to pay damages on account of a worker's injury for which benefits and compensation are provided under this title, the injured worker or beneficiary may elect to seek damages from the third person." RCW 51.24.030(1). "When compensable injury is the result of a third person's tortious conduct, all statutes preserve a right of action against the tortfeasor, since the compensation system was not designed to extend immunity to strangers." *Manor v. Nestle Food Co.*, 131 Wn.2d 439, 450 (1997) (quoting 2A ARTHUR LARSON, WORKMEN'S COMPENSATION LAW § 71.00, at 14–1 (1993)). In short, "immunity follows compensation responsibility" under the statutory scheme. *Id.* (quoting 2A ARTHUR LARSON, WORKMEN'S COMPENSATION LAW § 72.33, at 14-290.3).

(3) Defendant's reliance on *Manor* and *Minton v. Ralston Purina Co.*, 146 Wn.2d 385 (2002), for the proposition that employer immunity applies to every corporation in the employer's corporate family is misplaced. In *Manor*, the Supreme Court held that a self-insured parent company, Nestle, was immune from suit by its subsidiary's injured worker. At the time, an administrative regulation conferred "employer" status on all of the corporations covered by a certificate of self-insurance, and Nestle had already paid $455,000 from its own funds as compensation for the workplace injuries. 131 Wn.2d at

450, 453. Thus, under the terms of the regulation and having fulfilled its obligation to compensate the worker, the parent company was not a "third person" who could be sued for additional damages. *Minton* likewise involved a self-insured family of corporations. In that context, the Washington Supreme Court relied on *Manor* and concluded that the parent, having agreed to pay its subsidiary's industrial insurance obligations, was immune from suit by the subsidiary's injured worker. 146 Wn.2d at 393.

Here, defendant acknowledges that it was not plaintiff's employer at the time of the accident, it does not claim that it self-insured the industrial indemnity obligations of its corporate family, it has not identified any administrative regulation that extends immunity to it, and it has provided evidence that plaintiff has been compensated out of the state fund rather than out of Vail Resorts' pocket. As the record currently stands, defendant is a stranger to the workers' compensation arrangement between plaintiff and her former employer: it cannot, therefore, claim the employer's immunity from suit under the Industrial Insurance Act. *See Jaimes v. NDTS Constr., Inc.*, 194 Wn. App. 1020, at *3 (2016) (finding that immunity flows from status as an employer or compensation responsibility, not corporate relationships or premium payments); *McGill v. Auburn Adventist Academy*, 127 Wn. App. 1047, at *7-8 (2005) (finding that immunity of a parent corporation is not automatic).

(4) Whether a parent corporation that does not qualify as an employer and is not part of a self-insurance agreement can be held liable in tort for workplace injuries depends on whether the corporate veil can be pierced or whether defendant's own tortious conduct led to the injuries. Through discovery, plaintiff has identified two Vail Resort subsidiaries that she alleges were responsible for safety and operational matters at Steven's Pass Ski Resort such that they are liable for their own acts or omissions. Leave to amend the complaint to add the two additional defendants is appropriate under Rule 15(a), there being

ORDER DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND GRANTING LEAVE TO
AMEND - 3

no evidence of undue delay, bad faith, prior failures to cure deficiencies, undue prejudice, or futility.

For all of the foregoing reasons, defendant's motion for summary judgment (Dkt. # 22) is DENIED, and plaintiff's motion for leave to amend (Dkt. # 40) is GRANTED. Plaintiff shall file the proposed amended complaint within seven days of the date of this Order.

DATED this 4th day of March, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge