UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIROSLAVA LEWIS,<br><br>    Plaintiff,<br><br> v.<br><br>VAIL RESORTS, INC., *et al.*,<br><br>    Defendants. | CASE NO. 2:23-cv-00812-RSL<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO CONDUCT ADDITIONAL DEPOSITIONS |

   This matter comes before the Court on "Plaintiff's Motion to Enforce Compliance with a Subpoena." Dkt. # 67. Despite the title of the motion, there are no outstanding subpoenas that must be enforced. Rather, plaintiff seeks leave to take the depositions of three of defendants' experts, depositions which would be in excess of the number of depositions permitted under Fed. R. Civ. P. 30(a)(2)(A)(i).

   Rule 30(a)(2)(A)(i) limits the number of depositions in a civil action to ten per side. Although the Court has the authority to alter the discovery limits imposed by the rules (Fed. R. Civ. P. 26(b)(2)(A)), the party seeking to exceed the limit has the burden of making a particularized showing of need for each additional deposition. *Thykkuttathil v. Keese*, 294 F.R.D. 601, 602 (W.D. Wash. 2013). By imposing a presumptive ten-deposition limit, the Rule's "objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case." Fed. R. Civ.

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO
CONDUCT ADDITIONAL DEPOSITIONS - 1

P. 30, Advisory Committee Notes 1993 Amendment. In determining whether additional depositions are necessary, courts consider the complexity of the case, the number of parties involved, whether the depositions would be cumulative, whether the party has already had ample opportunity to obtain the information needed to prosecute or defend the case, whether the additional depositions would create an unreasonable burden or expense. *See Jones v. Sunbelt Rentals, Inc.*, No. 22CV05954AMOPHK, 2023 WL 10691302, at *2–3 (N.D. Cal. Nov. 16, 2023) (collecting cases).

This is not a complex case. The facts surrounding plaintiff's fall are generally undisputed, as are the majority of plaintiff's injuries. The case involves a single plaintiff and three Vail-entity defendants. At the time she filed this motion, plaintiff had already taken eleven depositions, with a twelfth scheduled for October 16, 2024. Defendants agreed to exceed the Rule 30(a)(2)(A)(i) limit for the last two depositions, but raised the deposition limit issue at the time. Despite there being every reason to suspect that this case would involve the disclosure and testimony of experts, plaintiff chose to depose individuals about specific written communications that were already in her possession (Amy Poe, Tom Fortune, and Vince Arthur), a number of individuals regarding Stevens Pass Ski Resort's awareness that there was no net on the downhill side of the Kehr's Chairlift and that its absence posed a risk (Amy Poe, Angela Seidling, and Frank Polizzi), and a state inspector on whose report one of defendants' experts relies (Harry McClain) rather than the expert himself. The fact that these deponents had relevant information does not mean their depositions were necessary for purposes of Rule 30(a)(2)(A)(i). It was counsel's obligation to develop a cost-effective plan, presumptively limited to ten depositions, to litigate this case. They have not done so, instead taking duplicative or only minimally effective depositions and then seeking permission to exceed the presumptive limit to depose defendants' experts. Forcing defendants to defend additional depositions

when they already accommodated plaintiff's earlier request to exceed the ten-deposition limit would impose additional and unjustified expenditures of time and resources.

The Court finds that plaintiff has had ample opportunity to obtain the information needed to prosecute this case and that her motion for three additional depositions is excessive given the complexity of the case, her prior choices, and the costs defendants would incur. Nevertheless, plaintiff will be permitted to take one additional deposition as long as she pays the related financial costs, including defense counsel's reasonable attorney's fees.

For all of the foregoing reasons, plaintiffs' motion to exceed the ten-deposition limit of Rule 30(a)(2)(A)(i) is GRANTED in part and DENIED in part.

Dated this 29th day of October, 2024.

Robert S. Lasnik
United States District Judge