1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10
11
12

MIROSLAVA LEWIS,

             Plaintiff,

      v.

VAIL RESORTS, INC., *et al.*,

           Defendants.

Cause No. C23-0812RSL

ORDER DENYING MOTION
TO SEAL (Dkt. # 80)

13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

      This matter comes before the Court on plaintiff's motion to seal her opposition to defendants' motion for summary judgment. Dkt. # 80. Plaintiff seeks to protect from public view the entirety of her response and supporting exhibits because defendants designated certain materials as confidential during discovery. Defendants, as the parties claiming confidentiality, have the burden of providing a statement of the applicable legal standards and the reasons for keeping each document under seal.

      "There is a strong presumption of public access to the court's files," and, absent a showing that the public's right of access is outweighed by the interests of the public and/or the parties in shielding the material from public view, a seal is not appropriate. LCR 5(g). A party's unilateral designation of a document as confidential under a protective order does not, in and of itself, justify a seal under LCR 5(g)(2). Where a document has been offered in support of or opposition to a dispositive motion, the party requesting that the record be sealed

ORDER - 1

must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations, quotation marks, and alterations omitted).

Defendants have abandoned all of the relevant confidentiality designations except as to the Stevens Pass Lift Evaluation produced by Tramway Engineering, Ltd., in October 2016, Dkt. # 82-2. Defendants worry that the release of that document to the public would harm their competitive position by exposing operational vulnerabilities, would impair negotiations with vendors, contractors, and insurers who otherwise would not have access to this information, and could otherwise cause unwarranted public concern or reputational harm. At this stage of the proceeding, Dkt. # 82-2 may remain under seal. The seal is provisional, however. If the Evaluation is so germane to the summary judgment issues that it is quoted or its substance is otherwise disclosed in the Court's order, the seal will be lifted as to those portions of the documents.

ORDER - 2

1    The Clerk of Court is directed to unseal Dkt. # 82-1 and # 82-3 through # 82-31. Dkt.

2    # 81 shall remain under seal, but plaintiff shall file an unsealed version of the document for

3    public viewing with only the two sentences taken from the Evaluation redacted (page 4, last two

4    sentences of the first full paragraph). [1]

5

6

7    Dated this 27th day of January, 2025.

8

9

10                                          *Mark S Lasnik*
                                            Robert S. Lasnik
11                                          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

23

25

26

27    _____

28        [1] Plaintiff is reminded of her obligation to minimize the amount of material filed under seal. In
      this case, only Dkt. # 82-2 should have been sealed in its entirety, and a redacted version of the
      opposition memorandum should have been filed for public viewing.

ORDER - 3