1
2
3
4
5
6

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

MIROSLAVA LEWIS,

8                    Plaintiff,

9         v.

10   THE VAIL CORPORATION,

11                    Defendant.

12

CASE NO. 2:23-cv-00812-RSL

ORDER REGARDING
DEFENDANT'S MOTIONS IN
LIMINE

13        This matter comes before the Court on "Defendant The Vail Corporation's Motions

14   in Limine." Dkt. # 93. Having reviewed the memoranda, declarations, and exhibits

15   submitted by the parties, the Court finds as follows:

16

17   **1. Evidence of Other Accidents or Incidents**

18        Defendant seeks to exclude evidence related to other instances in which employees

19   at Stevens Pass came into contact with a moving chairlift and/or fell from a raised chairlift

20   platform on the grounds that they are irrelevant insofar as they did not involve an

21   employee downloading on the Kehr's chairlift. An accident need not be identical to

22   plaintiff's fall to be relevant. Evidence of a similar incident, like the December 7, 2020,

23   fall from the Seventh Heaven unloading platform, is clearly admissible to demonstrate

24

25   knowledge that employees on the unloading platforms come in contact with moving chairs,

26

ORDER REGARDING DEFENDANT'S MOTIONS IN
LIMINE - 1

that employees have been knocked off the light side of chairlift platforms, and that these hazards require fall protection across the entire elevated surface. Similarly, evidence that employees other than plaintiff were knocked off the light side of the Kehr's chairlift platform would also be admissible. *See* Dkt. # 101-3 at 2. The probative value of this evidence outweighs any concerns regarding undue prejudice, jury confusion, or inefficiency. The motion to exclude this type of evidence is DENIED.

With regards to the four other incidents described in the Enablon Report attached to plaintiff's opposition memoranda as Exhibit 1 (Dkt. # 101-1), the motion is taken under advisement. The relevance of these incidents appears to be limited to the unsurprising fact that employees have been hit by moving chairlifts. If defendant argues or implies that only plaintiff (or plaintiff and the Seventh Heaven operator) has ever been struck by a moving chair, evidence of the four mishaps at the loading ramps would be admissible to rebut such an argument. Otherwise the evidence will be excluded under Fed. R. Ev. 403 because its admission would force defendant to put on evidence regarding each incident to show that the events have no bearing on the need for fall protection, likely causing jury confusion, wasting trial time, and potentially prejudicing defendant by giving the impression of a general lack of care.

## 2. Subsequent Remedial Measures

Defendant seeks to exclude evidence that it installed a net on the light side of the Kehr's chairlift and changed its policies regarding employee downloading in response to plaintiff's accident. The motion is unopposed and is therefore GRANTED.

1

2

### 3. Workers' Compensation Claim

Defendant seeks an order admitting plaintiff's workers' compensation claim and payments into evidence. In particular, defendant wants to use the evidence to show that (a) plaintiff's medical bills have been paid and she receives a wage stipend, so any emotional distress she has felt is something less than it would have been had she been faced with unpaid bills, no income, and the specter of bill collectors, (b) plaintiff can afford the lifecare plan set forth by her expert (or could have obtained those services through workers' compensation), and (c) to explain why The Vail Corporation and not Stevens Pass is the defendant in this case. Defendant offers no case law regarding the admissibility of evidence of collateral sources or of other potentially liable parties.

The motion is DENIED. Defendant may not reduce its liability based on payments the injured party received from an independent, collateral source. *Matsyuk v. State Farm Fire & Cas. Co.*, 173 Wn.2d 643, 657 (2012). The collateral source rule applies to workers' compensation payments. *Diaz v. State*, 175 Wn.2d 457, 465 (2012). That defendant has imagined some (rather attenuated) uses to which evidence of plaintiff's workers' compensation benefits could be put does not make it admissible.

> [T]hough evidence of collateral source compensation may well be relevant for a variety of purposes, such evidence is excluded on the basis that it is unfairly prejudicial because the jury could use it for improper purposes. As we said in *Johnson v. Weyerhaeuser*: "the very essence of the collateral source rule requires exclusion of evidence of other money received by the claimant so the fact finder will not infer the claimant is receiving a windfall and nullify the defendant's responsibility." 134 Wn.2d [795, 803 (1998)]. Thus, even when it is otherwise relevant, proof of such collateral payments is usually excluded, lest it be improperly used by the jury to reduce the

ORDER REGARDING DEFENDANT'S MOTIONS IN
LIMINE - 3

plaintiff's damage award. *Boeke v. Int'l Paint Co*., 27 Wn. App. 611, 618 (1980) (quoting *Reinan v. Pacific Motor Trucking Co*., 270 Or. 208, 213 (1974)). In this respect, courts generally follow a policy of strict exclusion.

*Cox v. Spangler*, 141 Wn.2d 431, 440–41 (2000). As was the case in *Cox*, even if plaintiff's receipt of workers' compensation benefits has some marginal relevance to the damage calculation, her expert's credibility, or the litigation strategy pursued in this case, "such relevance is outweighed by the unfair influence this evidence would likely have [] upon the jury" and its exclusion will not preclude defendant from presenting more relevant evidence regarding the nature and scope of plaintiff's damages, the reliability and helpfulness of the proposed lifecare plan, or the actions Stevens Pass and The Vail Corporation took leading up to plaintiff's accident. *Id*., at 441 (citing *Johnson*, 134 Wn.2d at 803).

### 4. Richard Penniman's Opinions Regarding Corporate Responsibility

Plaintiff has identified Richard Penniman as a liability expert who will provide testimony regarding the duties and responsibilities The Vail Corporation assumed when Vail purchased Stevens Pass, the duties and responsibilities The Vail Corporation took upon itself through its actions and management decisions, whether The Vail Corporation met those duties and responsibilities, and particular circumstances and practices introduced by Vail that contributed to plaintiff's accident. *See* Dkt. # 106 at 4-5 (identifying passages from Mr. Penniman's report to which defendant objects). Defendant seeks to exclude this testimony as irrelevant to the issue of whether The Vail Corporation's own actions or inactions contributed to the unsafe conditions at the Kehr's chairlift on the day of

1  plaintiff's accident. The issue in the case is, of course, whether The Vail Corporation was

2  negligent, an inquiry that involves considerations of duty, breach, injury, and causation.

3  Defendant makes no attempt to explain how expert testimony regarding the existence of a

4  duty, its breach, and the causal connection between plaintiff's injuries and defendant's

5  actions is irrelevant.

6  Just as importantly, challenges to the relevance of expert testimony (as well as to

7  the expert's qualifications and the reliability and helpfulness of the opinions offered)[1]

8  should have been raised by the dispositive motion deadline, which would have allowed

9  plaintiff adequate time to respond and provided the Court with the full discussion and legal

10  analysis that generally accompany a *Daubert* motion. LCR 7(d)(4) and (5). Instead,

11  plaintiff had only nine days to respond, and the parties dedicated a sum total of three pages

12  to the issue. The Court is not prepared to exclude any of Mr. Penniman's enumerated

13  opinions, Dkt. # 107-3 at 29-30 and Dkt. # 107-4 at 18-20, based on this truncated record.

14  The matter is taken under advisement. The topics covered in Mr. Penniman's

15  reports and the opinions generated are generally relevant to whether The Vail Corporation

16  did some act that a reasonably careful person would not do under the same or similar

---

[1] In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court charged trial judges with the responsibility of "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 597 (1993). The reliability of expert testimony is judged not on the substance of the opinions offered, but on the methods employed in developing those opinions. *Daubert*, 509 U.S. at 594-95. In general, the expert's opinion must be based on principles, techniques, or theories that are generally accepted in his or her profession and must reflect something more than subjective belief and/or unsupported speculation. *Daubert*, 509 U.S. at 590. The testimony must also be "helpful" in that it must go "beyond the common knowledge of the average layperson" (*U.S. v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002)) and it must have a valid connection between the opinion offered and the issues of the case (*Daubert*, 509 U.S. at 591-92).

ORDER REGARDING DEFENDANT'S MOTIONS IN
LIMINE - 5

circumstances or failed to do some act that a reasonably careful person would have done under the same or similar circumstances. WPI 10.01. Whether Mr. Penniman's experience, training, and expertise allow him to opine regarding which corporate entity or entities was responsible for the conditions on the Kehr's lift in January 2022 will be determined following *voir dire* regarding his qualifications.

### 5. Lack of a Safety Bar on the Kehr's Chair

Defendant seeks to exclude evidence that the Kehr's chair lacked a safety bar because there is no evidence that a safety bar would have prevented plaintiff's fall. This evidence cannot be excluded in its entirety: any description of the Riblet equipment will alert the jury that the chairs have a center pole that would preclude the use of a safety bar, and the photos included in various reports show that there were no bars. Defendant concedes as much in reply and pivots to a request that explicit references to the lack of a safety bar be excluded. Dkt. # 106 at 6.

The motion is GRANTED in part. The Court agrees that plaintiff should not assert or argue that the lack of a safety bar would have made a difference on the day of the accident. There is no indication that plaintiff would have had time to lower a safety bar had there been one, and defendant's contributory negligence defense is apparently based on plaintiff allowing herself to be pushed off the platform, not her failure to keep herself in the seat once there.[2] But the lack of a safety bar and all of the other outdated or missing

---

[2] If defendant opens the door by arguing that plaintiff was seated and then inexplicably slid off the seat, the lack of a safety bar on the day in question would be relevant and admissible.

ORDER REGARDING DEFENDANT'S MOTIONS IN LIMINE - 6

safety features which informed the previous owner's plan to replace the Kehr's lift and the engineer's recommendation that the chair be replaced in 2017 (or by the end of 2019 at the latest), Dkt. # 82-1; Dkt. # 82-2 at 7, are admissible to show that a reasonable person in The Vail Corporation's position would have replaced the lift prior to plaintiff's fall. The jury could then reasonably conclude that The Vail Corporation's inaction gave rise to the unsafe condition at the Kehr's chair in January 2022.

**6. Internal Stevens Pass Emails**

Defendant seeks to exclude from evidence email exchanges between and among VR NW Holdings employees regarding the lack of a safety bar and adequate safety nets on the Kehr's chair, arguing that the communications are inadmissible hearsay. Defendant makes no attempt to discuss the particular statements contained in these emails, to individually assess their potential use at trial, or to discuss applicable hearsay exceptions. Plaintiff asserts that some of the declarants will be testifying during trial, under oath and subject to cross-examination, thereby satisfying the traditional conditions for admissibility. In addition, some portions of the communication could be admissible to show the nature of the control The Vail Corporation had over safety expenditures (rather than the truth of the matters asserted). In the absence of evidence that the emails were forwarded to anyone within The Vail Corporation, however, much of the exchange may be inadmissible. As a general rule, plaintiff will not be permitted to introduce internal Stevens Pass communications in the hopes that the jury will confuse the various Vail entities and punish

ORDER REGARDING DEFENDANT'S MOTIONS IN
LIMINE - 7

The Vail Corporation for third-party statements. The Court takes this matter under advisement.

### 7. OSHA Violations

Plaintiff agrees that evidence of OSHA violations will not be offered at trial. She intends, however, to offer evidence of federal and state workplace standards as the measure against which The Vail Corporation's conduct should be compared. Such use is permissible. If plaintiff fails to show that The Vail Corporation retained control over implementation of the workplace safety standards at Stevens Pass, the evidence will fall short of the mark, but that does not make it inadmissible.

### 8. "Golden Rule" Arguments

Plaintiff agrees that the jurors may not be invited to place themselves in the position of one or the other of the parties.

### 9. Opposing Party Review of Records or Exhibits

Plaintiff agrees to provide defendant with an opportunity to view any exhibit, record, or document prior to publishing it to the jury. Defendant shall likewise provide plaintiff the same opportunity.

### 10. Use of Undisclosed Documents or Witnesses

Plaintiff agrees that all witnesses and exhibits not previously disclosed to the opposing party should be excluded from trial, except for rebuttal and impeachment evidence.

ORDER REGARDING DEFENDANT'S MOTIONS IN
LIMINE - 8

**11. Cumulative Testimony**

This matter is taken under advisement.

**12. Arguments Regarding "Punishing" Defendant or "Sending a Message"**

Plaintiff shall not invite the jury to punish, deter, or otherwise send a message to defendant. This is a civil trial in which plaintiff is entitled only to an award that will fully compensate her for her injuries. This motion is GRANTED.

**13. Prior Litigation Events**

Plaintiff agrees that she will not mention before the jury the motions for summary judgment, the motions in limine, or the Court's rulings thereon.

**14. Insurance**

Testimony or exhibits related to insurance covering either party, including workers' compensation insurance, is not admissible.

**15. Financial Means of the Parties**

Unless a party opens the door by, for example, asserting that they lacked the means to implement certain safety measures or pay for certain medical services, no evidence related to the wealth or financial capabilities of the parties will be admitted.

**16. Media Coverage**

Plaintiff agrees not to introduce at trial recent news stories regarding The Vail Corporation that have nothing to do with the Stevens Pass Resort or coverage regarding skier lift lines and employee housing at Stevens Pass.

ORDER REGARDING DEFENDANT'S MOTIONS IN
LIMINE - 9

**17. Offers of Compromise**

Evidence regarding offers of compromise is inadmissible.

**18. Appeals to Safety**

This lawsuit is about safety, with the key issue being whether The Vail Corporation fail to act as a reasonable person in its position would have when it purchased a lift that had surpassed its design life and lacked modern safety equipment and/or when it operated a lift with a downside access point that lacked basic fall protection. Tort law, in general, is about safety. Defendant does not seek to exclude any particular evidence, and it is unclear how plaintiff or the Court can prevent jurors from understanding the safety implications related to machinery that is accessed by the public. This matter is taken under advisement.

**19. Witness Notification and Zoom Testimony**

The parties shall, at least one day in advance, alert opposing counsel and the Court regarding the order of the next day's witnesses and their anticipated length of direct examination. The parties agree that out-of-state expert witnesses may appear via Zoom. The parties are directed to meet and confer regarding perpetuation depositions and their presentation at trial.

Dated this 24th day of February, 2025.

Robert S. Lasnik
United States District Judge

ORDER REGARDING DEFENDANT'S MOTIONS IN
LIMINE - 10