UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIROSLAVA LEWIS,<br><br>                    Plaintiff,<br>          v.<br><br>THE VAIL CORPORATION,<br><br>                    Defendant. | CASE NO. 2:23-cv-00812-RSL<br><br>ORDER REGARDING PLAINTIFF'S FIRST SET OF MOTIONS IN LIMINE |

This matter comes before the Court on "Plaintiff's Omnibus Motions in Limine." Dkt. # 94. Having reviewed the memoranda, declaration, and exhibit submitted by the parties, the Court finds as follows:

**1. Evidence and Presentations in Openings**

The parties agree that they may, during their respective openings, use Power Point presentations and exhibits that counsel in good faith expects to have admitted into evidence during trial. To the extent the parties intend to use any exhibit for which admissibility is not stipulated, the parties will confer and attempt to resolve those disputes.

ORDER REGARDING PLAINTIFF'S FIRST SET OF
MOTIONS IN LIMINE - 1

### 2. Workers' Compensation Contributions

The Vail Corporation's payments of insurance premiums for VR NW Holdings – including workers' compensation premiums – is irrelevant and inadmissible. This motion is GRANTED.

### 3. Workers' Compensation Immunity

The Court has already determined that The Vail Corporation is not entitled to immunity from suit under Washington's Industrial Insurance Act. The legal issue has been decided, and defendant may not offer any evidence or argument to the contrary. To do so would cause jury confusion, risk misleading the jury, and waste time. This motion is GRANTED.

### 4. Employer Fault

Plaintiff seeks to exclude any evidence or argument that blames Stevens Pass Resort, its agents, or its employees for plaintiff's injuries. Although Washington law is clear that the jury shall not be asked to determine the percentage of fault attributable to the employer when it is immune from liability under the Industrial Insurance Act, The Vail Corporation must be allowed to argue and show that it was the decisions and actions of Stevens Pass employees that prevented upgrades to and/or safety net installation on the Kehr's chairlift and were the sole proximate cause of plaintiff's injuries. This motion is DENIED.

### 5. Untimely Affirmative Defense

In its answer, The Vail Corporation asserted affirmative defenses of comparative negligence and that plaintiff's damages were caused by third-party Stevens Pass Alpine Club. Dkt. # 49 at 6. Plaintiff seeks to hold defendant to the affirmative defenses as alleged, precluding it from arguing or submitting evidence that any persons or entities other than plaintiff and Stevens Pass Alpine Club are at fault. Defendant failed to respond to this motion in limine.

An affirmative defense precludes defendant's liability even if plaintiff proves all of the elements of her claim. In this case, defendant is not attempting to hold Stevens Pass Resort liable for any portion of plaintiff's injuries. In fact, it cannot do so given the employer's immunity under the Industrial Insurance Act. Its defense is arguably aimed at showing that The Vail Corporation did not make any of the decisions that led to plaintiff's injuries and, therefore, that plaintiff cannot establish her negligence claim against it. Negating elements of plaintiff's claim is defendant's right and need not be pled as an affirmative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Even if defendant should have identified the employer as an at-fault party in its answer, plaintiff has long known that The Vail Corporation denies having any involvement in the hiring of Stevens Pass Alpine Club members as lift operators, the training of lift operators, the operation of the Kehr's lift on the day of the accident, or the decision to not install safety nets on the Kehr's lift. If necessary, the Court will grant defendant leave to amend its answer under Fed. R. Civ. P. 15(b). This motion is DENIED.

**6. ANSI Standards**

Plaintiff seeks to exclude evidence of the American National Standards Institute's standard for the design, manufacture, maintenance, and construction of ski lifts, ANSI B77.1 – 2017 and ANSI B77.1 – 1960, on the ground that it is irrelevant because it does not cover nets and fall protection from such structures. The motion is DENIED. Plaintiff has argued in the past that The Vail Corporation should have replaced the Kehr's lift in the years following its purchase of Stevens Pass Resort because the lift had exceeded its design life and had outdated safety mechanisms. This evidence rebuts that argument. If defendant attempts to use the ANSI Standards to justify the lack of safety nets and fall protection on the Kehr's lift, plaintiff may point out the problems of that argument – and identify the correct and applicable standards – on cross-examination. This motion is DENIED.

Dated this 24th day of February, 2025.

Robert S. Lasnik
United States District Judge