UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIROSLAVA LEWIS,

        Plaintiff,

    v.

THE VAIL CORPORATION,

        Defendant.

CASE NO. 2:23-cv-00812-RSL

ORDER REGARDING PLAINTIFF'S SECOND SET OF MOTIONS IN LIMINE

This matter comes before the Court on "Plaintiff's Supplement to Her Omnibus Motions in Limine." Dkt. # 98. Having reviewed the memoranda, declaration, and exhibits submitted by the parties, and having considered plaintiff's supplemental authority, the Court finds as follows:

**7. Skier Responsibility Code**

Plaintiff seeks to exclude evidence of a skier "Responsibility Code" included on the Stevens Pass trail map. The seventh item on the list states, "[p]rior to using any lift, you must have the knowledge and ability to load, ride and unload safely." Dkt. # 98 at 3. This document is inadmissible. First, defendant has not argued, much less shown, that a graphic on a trail map constitutes a contract or has any legally binding effect. Second, the "Responsibility Code" is irrelevant because plaintiff was a lift operator: she was not skiing

ORDER REGARDING PLAINTIFF'S SECOND SET OF
MOTIONS IN LIMINE - 1

(recreationally or as part of her employment) on the day she was injured. While she took a chairlift up and was attempting to take a chairlift down, she did not have her skis with her and was simply travelling to and from her work station. That is not, by any definition, "skiing." Third, exclusion of the evidence will not prejudice defendant. Defendant may argue that there is a presumption that anyone riding a chairlift knows how to load and unload, that plaintiff should have known how to download before approaching the platform, that it was plaintiff's fault that she got pushed off the downside platform, and/or that plaintiff should have waited until the lift operator had stopped the chair before attempting to download. The "Responsibility Code" makes none of these facts more or less likely to be true. This motion in limine is GRANTED.

### 2. Contractual Waiver

Plaintiff seeks to exclude evidence of contracts she entered when purchasing a season pass to ski at Stevens Resort in the fall of 2021 and when applying for an employee pass in January 2022. The season pass contract states that use of the lifts, among other things, "can be HAZARDOUS AND INVOLVE THE RISK OF PHYSICAL INJURY AND/OR DEATH," risks which plaintiff acknowledged when assuming "ALL INHERENT DANGERS AND RISKS" associated with using the lifts. Dkt. # 98-2 at 2. The contract also contains plaintiff's acknowledgment and assumption of all risks that are above and beyond the inherent dangers posed by using the lifts, including falls, the negligence of Stevens Pass employees, and misloading. Dkt. # 98-2 at 2-3. Plaintiff also promised that she had the physical dexterity and knowledge to safely load, ride, and unload

the lifts. Dkt. # 98-2 at 3. In consideration of being permitted to ride the lift, plaintiff waived any claims against The Vail Corporation related to injuries suffered as a result. The "Employee & Dependent Pass Application" plaintiff signed on January 18, 2022, contains similar provisions. Dkt. # 105-1.

      Defendant is not arguing that plaintiff waived the claims asserted in this litigation. Nor could it: defendant did not assert waiver as an affirmative defense. It did, however, raise assumption of the risk as an affirmative defense, and both of these contracts go to the issue of whether plaintiff was aware of and agreed to assume the risk of being pushed off the Kehr's lift platform when downloading. WPI 13.04. This motion in limine is DENIED.

      Dated this 24th day of February, 2025.

                              Robert S. Lasnik
                              United States District Judge

ORDER REGARDING PLAINTIFF'S SECOND SET OF
MOTIONS IN LIMINE - 3